**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2022[*]
Decided October 28, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 22-1881

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Central District of Illinois. |
| *v.* | |
| | No. 22-cv-1132 |
| NICOLE R. BURNSIDE, | |
| *Defendant-Appellant.* | Joe Billy McDade, |
| | *Judge.* |

---

[*]Appellee was not served with process and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Nicole Burnside appeals the district judge's order remanding her criminal prosecution to state court. The judge remanded the action after determining that she did not have a statutory basis for removal. We affirm.

In early 2022, Burnside was indicted in state court on two counts of aggravated unlawful use of a weapon. *See* 720 ILCS 5/24-1.6(a)(1) (2018). Burnside tried to remove those criminal proceedings to federal court. In her notice of removal, she asserted her rights under a panoply of constitutional amendments (the First, Fourth, Sixth, and Fourteenth Amendments). She also argued that the state court lacked personal and subject-matter jurisdiction over her case.

The district judge summarily remanded her case to state court. Noting that Burnside had cited 28 U.S.C. § 1443 as the basis for removal, the judge ruled that her removal petition did not meet the statutory requirements because it did not suggest that she was being denied rights under laws safeguarding racial equality or that she could not enforce her rights in state court.

On appeal, Burnside generally maintains that she stated adequate grounds for removal. But she cannot establish a basis for removal under § 1443(1), the only provision in the statute that would enable her to remove her criminal case. *See City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966) (Section 1443(2) is available only to federal officers and those assisting them.). Removal under § 1443(1) would require Burnside to make two showings: (1) that the rights she seeks to protect arise under a law providing "for specific civil rights stated in terms of racial equality," and (2) that she is unable to enforce those rights in state court. *See Georgia v. Rachel*, 384 U.S. 780, 792, 800 (1966). Burnside cannot make either showing. First, she asserts rights arising under constitutional provisions that are available to all citizens, and such generally applicable laws do not support removal under § 1443(1). *See id.* at 792. As for the second requirement, she does not point to any statute, constitutional provision, or their equivalent that makes it clear her "federal equality rights" will be denied in Illinois state court. *See Fenton v. Dudley*, 761 F.3d 770, 774 (7th Cir. 2014). We see no reason to doubt that the state court is capable of vindicating her federal constitutional and statutory rights. *See Johnson v. Mississippi*, 421 U.S. 213, 219–20 (1975).

For the first time, Burnside now argues that removal was necessary to protect her Second Amendment rights because the state "converted" those rights "into a crime."

However, not only did she waive this argument by raising it for the first time on appeal, *see Homoky v. Ogden*, 816 F.3d 448, 455 (7th Cir. 2016); 28 U.S.C. § 1455(b)(2) ("[F]ailure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds… ."), but the Second Amendment is a generally applicable law that does not support removal under § 1443(1). *See Rachel*, 384 U.S. at 792.

Burnside also asserts, without elaboration, that the Illinois state courts lack personal and subject-matter jurisdiction over her case. But she was indicted under an Illinois state statute for a violation that occurred in Illinois, *see* 720 ILCS 5/24-1.6(a)(1), and we see nothing to suggest that the Illinois state courts—which are courts of general jurisdiction, *see, e.g.*, *E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating Inc.*, 3 F.4th 954, 957 (7th Cir. 2021)—lack jurisdiction over her case. And if she thinks that the Illinois state courts lack jurisdiction over her case, she must raise this argument in the state court. To the extent she seeks to raise a sovereign-citizen argument, it is frivolous. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases).

Finally, Burnside argues that she was entitled to an evidentiary hearing based on her removal petition. But because it was clear from the face of the removal notice that removal was not permitted, *see* 28 U.S.C. § 1455(b)(4) (requiring summary remand when notice and any exhibits attached clearly show that removal is not permitted), the district judge did not err in remanding the case without an evidentiary hearing.

We have considered the rest of Burnside's arguments, and they are frivolous.

AFFIRMED